UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JORGE M.C.,[1]

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv-07170-TLN-AC

A# 220-746-289

**ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1.) The Court previously granted Petitioner's Motion for Temporary Restraining Order ("TRO") and ordered his immediate release. (ECF No. 10.) The Court ordered Respondent to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioner. (*Id.*) Respondent rested on the record. (ECF No. 6.)

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

(citing U.S. Const., art. I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates their custody violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner is a noncitizen who entered the United States without admission in January 2022. (ECF No. 6-3.) Immigration authorities detained and then later released Petitioner. (*See* ECF No. 6-3; ECF No. 1.) He has lived in the United States for approximately five years. (ECF No. 1.) On August 8, 2026, immigration authorities re-detained Petitioner without notice or a hearing. (*Id.*) He was detained for two months without any custody hearing. (*Id.*) Petitioner avers "the government refuses to provide me with a bond hearing or release me." (*Id.* at 6.)

Petitioner claims his civil immigration detention violated the Fifth Amendment Due Process Clause. (*Id.* at 9–11.) Respondent detained Petitioner under 8 U.S.C. § 1225(b)(2), even though they acknowledge that 8 U.S.C. § 1226(a) is the proper governing authority and, as such, he was entitled to a custody hearing. (ECF No. 6 at 1 (citing *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026).) No such hearing was provided or scheduled during Petitioner's two months of detention.

The Court finds Petitioner possesses a protected liberty interest and he was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during the years he lived freely in this country prior to his recent detention. Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693. Moreover, Petitioner asserts the government refused him a bond hearing during his two months of detention, and Respondent does not refute the allegation. (ECF Nos. 1, 6.)

Upon consideration of the three factors set forth in *Mathews v. Eldridge*, and for the reasons previously stated in the Court's TRO (ECF No. 10), the Court finds Petitioner was owed notice and a hearing before a neutral decisionmaker to determine whether his detention was

justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Having received neither, Petitioner's detention violated the Fifth Amendment Due Process Clause.

Accordingly, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus is GRANTED. (ECF No. 1.)

2. Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government demonstrates by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate flight risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: October 9, 2026

Troy L. Nunley
Chief United States District Judge